UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| JOE P SANCHEZ, TDCJ # 02191910, | § § § | |
| Plaintiff, | § § | |
| VS. | § | CIVIL ACTION NO. 3:18-CV-0403 |
| UTMB MEDICAL DEPARTMENT, | § § § § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Joe P. Sanchez is currently incarcerated in the Texas Department of Criminal Justice–Correctional Institutions Division ("TDCJ"). He has filed a complaint under 42 U.S.C. § 1983, alleging violations of his civil rights. He has also filed a motion for leave to proceed *in forma pauperis* (Dkt 7). The motion is deficient because the plaintiff has neglected to include a certified copy of his inmate trust account statement as required by 28 U.S.C. § 1915(a)(2), which applies to all inmates seeking to bring a civil action or appeal without prepayment of the filing fee. Therefore, the plaintiff's motion for leave to proceed *in forma pauperis* (Dkt 7) is **DENIED** at this time. To correct the deficiency in the motion, the plaintiff is **ORDERED** to file one of the following within <u>thirty days</u> of this order:

1. A new motion for leave to proceed *in forma pauperis* that is properly supported by a certified copy of his inmate trust account statement; ***or***

> 2. Payment of $400 in the form of a money order or check with the above-referenced case number written on it, payable to the United States District Clerk, P.O. Box 61010, Houston, Texas 77208.

Sanchez also filed a letter dated December 31, 2018, requesting that the Court order his transfer to another TDCJ unit (Dkt. 12). He bases his request on allegations that unnamed actors are retaliating against him because of this lawsuit. In particular, he states that on December 21, 2018, he received a disciplinary case for not keeping a medical appointment, which he attributes to "plain and simple 'retaliation.'" *See id*. ("This is not the first time, I have refused medical treatment . . . but now, all of a sudden, I am getting [a] bogus disciplinary case").

To the extent Sanchez seeks injunctive relief, he has not made the required showing under Fifth Circuit authority. A plaintiff seeking a preliminary injunction must establish "(1) a substantial likelihood of success on the merits, (2) a substantial threat of irreparable injury if the injunction is not issued, (3) that the threatened injury if the injunction is denied outweighs any harm that will result if the injunction is granted, and (4) that the grant of an injunction will not disserve the public interest." *Jones v. Texas Dep't of Criminal Justice*, 880 F.3d 756, 759 (5th Cir. 2018) (citations omitted). To state a valid claim for retaliation in this context, a prisoner must allege: "(1) a specific constitutional right, (2) the defendant's intent to retaliate against the prisoner for his or her exercise of that right, (3) a retaliatory adverse act, and (4) causation." *Brown v.*

*Taylor,* 911 F.3d 235 (5th Cir. 2018).¹ Sanchez alleges that he received a retaliatory disciplinary case, but does not state which person or entity caused the case to be brought against him.² Moreover, his allegations appear to be based on no more than his personal belief that he is a victim of retaliation, which is insufficient to satisfy the element of causation or to demonstrate retaliation. *See Johnson v. Rodriguez*, 110 F.3d 299, 310 (5th Cir. 1997). Because Sanchez has not demonstrated that he is likely to succeed on the merits of a retaliation claim and has not otherwise met his burden on the remaining criteria for preliminary injunctive relief, *see Jones*, 880 F.3d at 759, his request for injunctive relief is denied.

SIGNED at Galveston, Texas, this 14th day of January, 2019.

_____
George C. Hanks Jr.
United States District Judge

---

¹ "To show causation, a plaintiff must allege that but for the retaliatory motive the complained of incident would not have occurred. A plaintiff must either produce direct evidence of motivation or allege a chronology of events from which retaliation may plausibly be inferred." *Id.* (internal citations, quotation marks, and alteration omitted).

² Sanchez's complaint names "UTMB (medical dept.) as a whole Terrell Unit" as the sole defendant in this case (Dkt. 1, at 2).